UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK ROBINSON,<br>    Plaintiff,<br>    v.<br>UNITED AIRLINES INC, et al.,<br>    Defendants. | Case No. 15-cv-00463-VC<br><br>**ORDER TO SHOW CAUSE** |

The plaintiff in this case was originally part of a larger lawsuit filed in 2012 by 23 current or former employees of United Airlines alleging race discrimination. After several rounds of motions to dismiss for failure to state a claim, the previously-assigned judge concluded that the plaintiffs had finally stated a claim for disparate treatment discrimination (but not disparate impact discrimination). Then, the previously-assigned judge concluded that the 23 plaintiffs had been improperly joined, and ordered that the case be severed into 23 separate lawsuits. Each plaintiff then filed a separate complaint (labeled as the "Fifth Amended Complaint"), and the lawsuits were assigned to numerous different judges in this district pursuant to the Court's random assignment system. Then Chief Judge Hamilton, acting in her capacity as Chair of this Court's Executive Committee, issued an order reassigning all 23 cases to the undersigned judge, to conserve judicial resources and avoid duplication of effort.

The Court has reviewed the Fifth Amended Complaint in this individual case, and is tentatively of the view that it fails to state a claim for disparate treatment discrimination under any of the three statutes.

The complaint alleges that "several promotional practices and procedures implemented by Defendants for filling vacant management positions in California are discriminatory against

1   African Americans by treating African Americans less favorably than their non-African American
2   counterparts in the terms and conditions of their employment."  But the only "promotional
3   practice" or "promotional procedure" identified in the complaint is that United does not "post"
4   certain promotional opportunities.  There is nothing inherently discriminatory or unlawful about
5   not "posting" promotional opportunities.  Nor does the complaint allege that United adopted its
6   "practice" or "procedure" of not posting promotional opportunities for the purpose of preventing
7   African Americans from getting the opportunities (which presumably would state a claim for
8   disparate treatment discrimination).

9   Without an allegation that the practice itself is intended to discriminate, to state a claim for
10  disparate treatment discrimination the plaintiff must allege that he himself suffered an adverse
11  employment action because of his race, separate and apart from United's policy of not posting
12  certain promotional opportunities.  To put it another way, absent an allegation that the practice of
13  not posting promotional opportunities is itself intended to discriminate, it doesn't matter whether a
14  particular position was posted or not.  Either the plaintiff sought out a position and was denied it
15  because of his race (in which case there would be a claim for disparate treatment discrimination),
16  or he did not seek out the position (in which case there would be no claim for disparate treatment
17  discrimination).

18  The complaint contains no allegation that the plaintiff sought out a promotion and was
19  denied it because of his race.  Instead, the complaint alleges that the plaintiff was "precluded from
20  participating in the filling of the vacancies" of seemingly every unposted "managerial position"
21  available at United Airlines throughout the country from 2008 to the present.  The complaint
22  alleges that this includes: "all permanent executive management positions, Chief Pilot, Assistant
23  Chief Pilot, FODM, Director of Safety and Security, Director of Pilot Recruitment and
24  Development, and Standards Captain."  And then the complaint lists numerous examples of
25  particular positions that were filled by people who were allegedly less-qualified and/or less senior
26  than the plaintiff.

27  The complaint goes on to allege that the plaintiff was "also precluded from participating in
28  the filling" of "special assignment positions."  As it does with unposted "managerial positions," the

2

complaint lists numerous categories of "special assignment positions" that United allegedly "precluded" him from "participating" in "filling."  And as it does with the unposted managerial positions, the complaint goes on to provide examples of individual special assignment positions that were filled by people allegedly less-qualified and/or less senior than the plaintiff.

But the allegation that United "precluded" the plaintiff from "participating" in the "filling" of every unposted management position or special assignment position available throughout the country does not appear to state a claim for disparate treatment discrimination, because the allegation is too vague.  How did United "preclude" the plaintiff from "participating" in the "filling" of positions?  Does the plaintiff mean to allege that he sought out every promotional opportunity listed in the complaint, and that in every instance the applicable decisionmaker at United denied him the promotion because of his race?  If so, that seems implausible on its face.  Or does the plaintiff mean to allege that the failure to post the positions "precluded" him from applying in the first place?  If so, that doesn't sound like disparate treatment discrimination (at least without an allegation that the practice of not posting the promotional opportunities was itself intended to prevent African Americans from learning about them).  Perhaps the plaintiff means instead to allege there was a particular unposted position (or there were particular unposted positions) he sought out, where the decisionmaker (or decisionmakers) rejected him because of his race.  That appears to be what counsel for 22 of the 23 plaintiffs suggested at the March 14, 2015 case management conference.  And that would appear to state a claim for disparate treatment race discrimination.  But the complaint in this case contains no such allegation that the plaintiff sought a particular promotion or promotions and was denied them for race-based reasons.

In sum, the complaint is vague about which conduct the plaintiff alleges was racially discriminatory as to him individually.  Therefore, the plaintiff is ordered to show cause why the Fifth Amended Complaint should not be dismissed for failure to state a claim for disparate treatment discrimination.  A hearing on the order to show cause will take place on May 21, 2015 at 10:00 a.m.  The defendants are ordered to file a brief on the order to show cause, not to exceed 15 pages, by April 24, 2015.  The defendants' brief should be limited to whether the complaint fails to state a claim, but it need not be limited to the specific issues discussed in this order.  The

3

plaintiff is ordered to file a brief, responding to this order to show cause and to anything else contained in the defendants' brief, by May 8, 2015. The plaintiff's brief also may not exceed 15 pages. Both parties are reminded that this is now an individual case. Any arguments about why the complaint should or should not be dismissed should be tailored to this specific case and this specific plaintiff. And the plaintiff cannot state a claim by alleging discrimination against other people.

Finally, if the plaintiff decides, after reviewing this order to show cause and the defendants' brief, that he prefers to amend his complaint to attempt to better allege facts that would support an individual disparate treatment claim, he has leave to do so. Any amended complaint must be filed no later than May 8, 2015 – the date his response to the order to show cause is due. If the plaintiff files an amended complaint, the May 21 hearing will be converted to a case management conference.

**IT IS SO ORDERED.**

Dated: April 10, 2015

---

VINCE CHHABRIA
United States District Judge