UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES INC, et al.,<br><br>Defendants. | Case No. 15-cv-00463-VC<br><br>**ORDER RE: MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT** |

Before the Court is a request by the plaintiff for an extension of time to file a Sixth Amended Complaint. Some background is in order.

In 2012, the lawyers in this case, Spencer Smith and Dow Patten, filed a lawsuit in the Northern District of California on behalf of 23 plaintiffs. The lawsuit was not a proposed class action. The plaintiffs, mostly pilots and all African American employees of United Airlines, alleged that United had denied them promotional opportunities because of their race. After three years' worth of multiple motions to dismiss, the previously-assigned judge ruled that the Fourth Amended Complaint stated a claim for disparate treatment discrimination on behalf of all the plaintiffs, but that the plaintiffs were improperly joined. The previously-assigned judge ordered the plaintiffs to file new, individualized complaints.

Each plaintiff then filed an individual Fifth Amended Complaint. Each plaintiff continues to be represented by the same lawyers (except for one plaintiff who was represented by different counsel and whose case has since been transferred to another district). The cases were randomly assigned to various judges of this district. Then the Chief Judge, in her capacity as chair of the Court's Executive Committee, reassigned all the cases to the undersigned judge for efficiency's sake.

While the complaints were individual (in the sense that each plaintiff was no longer

improperly joined with another plaintiff), they were not individualized. Rather, they were mostly cut-and-paste jobs. Some plaintiffs included individualized allegations about promotional opportunities for which they applied but which they did not receive. But all plaintiffs included boilerplate allegations about "unposted" promotional opportunities (and some of the plaintiffs included only such boilerplate allegations). These allegations bore no indicia of individual race discrimination. Each complaint merely alleged that the plaintiff was "precluded from participating in the filling of vacancies" for promotional opportunities. And each complaint alleged that each plaintiff was precluded from "participating" in the filling of every single "unposted" promotional opportunity available for managers at United throughout the country from 2008 to the present. None of the complaints indicated whether any plaintiff actually wanted any particular position, and none of the complaints indicated whether any plaintiff had communicated to United an interest in a particular position or a particular class of positions.

In light of this, in each case (except a couple that were transferred for improper venue), the Court issued an order to show cause. In cases where a particular plaintiff's Fifth Amended Complaint *only* relied on these boilerplate allegations, the Court ordered the plaintiff to show cause why the complaint should not be dismissed for failure to state a claim. In cases where a particular plaintiff's Fifth Amended Complaint also included individualized allegations about positions to which the plaintiff had applied, the Court ordered the plaintiff to show cause why the boilerplate claims relating to unposted positions should not be stricken.

In all the cases, the Court made clear that, in light of unusual circumstances surrounding these cases, each plaintiff would receive another opportunity to amend his complaint to state an individualized claim for race discrimination, based on the denial of promotional opportunities for which the plaintiff had actually made himself available. The Court also informed counsel that the plaintiffs could simply amend their complaints in response to the order to show cause, rather than taking the time to brief and argue the question.

Each plaintiff responded to the order to show cause. The responses by the plaintiffs (as well as the defendants' brief in response to the order to show cause) only confirmed that the boilerplate allegations relating to unposted promotional opportunities did not state a claim for

2

individual race discrimination. Therefore, with respect to the plaintiffs who relied solely on those boilerplate allegations, the Court dismissed the Fifth Amended Complaint with leave to amend. With respect to the plaintiffs who made some individualized allegations but then also relied on the boilerplate allegations, the Court dismissed the claims relating to the boilerplate allegations. In each case, the dismissal occurred on May 22, 2015. And the Court gave each plaintiff until June 12, 2015 to file a Sixth Amended Complaint.[1]

The day before the amended complaints were due, counsel for the plaintiffs filed, on behalf of each plaintiff in each case, a request for an extension of the deadline to file a Sixth Amended Complaint. The requests were filed late, because the Court's standing order for civil cases provides that any request for extension of a filing deadline must be filed 72 hours before the deadline. The Court did not immediately rule on the extension requests (because they were filed late), but counsel for the plaintiffs nonetheless failed to file a Sixth Amended Complaint on behalf of any plaintiff on the date it was due. And as of this filing, more than one week later, counsel for the plaintiffs still have not filed a Sixth Amended Complaint on behalf of any of their clients. Counsel for the plaintiffs have therefore exposed their clients to potential dismissal of their civil rights claims relating to unposted promotional opportunities with prejudice. This means that, for each plaintiff who relies solely on the boilerplate allegations about unposted positions, counsel have exposed the client to potential dismissal of his entire lawsuit with prejudice.

As for the substance of the requests for an extension, the briefs submitted by the plaintiffs' lawyers are barely understandable. To the extent the requests can be understood at all, they seem to relate primarily to the fact that counsel has, on behalf of at least one plaintiff, filed a petition for a writ of mandamus with the Ninth Circuit seeking: (1) reversal of this Court's dismissal of the Fifth Amended Complaint (or claims within the Fifth Amended Complaint) with leave to amend; and (2) a stay of proceedings in this Court pending resolution of the petition for a writ of

---

[1] Although the Court's May 22, 2015 order in the cases that involve some individualized allegations clearly dismissed only the boilerplate claims, there was a typo in one portion of the order that made reference to dismissal of the "complaint." The Court issued an amended order in these cases which corrected the typo. However, there was never any doubt from the original order, which was entitled "Order Dismissing Claims With Leave to Amend," that only certain claims were being dismissed.

3

mandamus.

There are two things to say about this proposed rationale for an extension. First, the petition for a writ of mandamus and accompanying stay request was obviously frivolous. (It has been denied.) Second, and more importantly, this attempt by the lawyers to delay the proceedings seems contrary to the interests of their clients. Recall that each of these plaintiffs entered the legal system roughly three years ago to pursue civil rights claims. Because their lawyers improperly joined them in a single suit, their civil rights claims have been tied up at the pleading stage for three years. And now that the cases have been severed, the lawyers for these plaintiffs are trying to delay their clients' claims even further. In response to the order to show cause, the lawyers could have simply sat down with each client on an individual basis and identified the promotional opportunities (if any) that each client actually believed he was denied because of his race, and then included those allegations in a properly individualized Sixth Amended Complaint for each client. Instead, counsel for these plaintiffs have engaged in tactics one might expect of dilatory defense lawyers who are trying to do whatever they can to prevent claims from being adjudicated.

Another rationale given by the plaintiffs' lawyers for their requested extension of time to file Sixth Amended Complaints, and for seeking a writ of mandamus in the interim, is that they are confused about whether they are laboring under a conflict of interest in pursuing the exact same allegations on behalf of so many different plaintiffs (namely, allegations that each plaintiff has been denied the opportunity to "participate in the filling" of exactly the same innumerable managerial positions). The defendants have previously raised the possibility of such a conflict, and the Court has asked about it (without deciding the question) at prior case management conferences. But that is not a reason to further delay the proceedings. It is up to the lawyers for the plaintiffs to figure out whether they are laboring under a conflict of interest and to address any potential conflict. To the extent they are confused about this, they should research it. These lawyers have been involved in these cases for a long time, and the defendants have been raising the prospect of a conflict for a long time.

The lawyers for the plaintiffs also appear to be saying, in their extension request, that depending upon how the Court ultimately views the conflict issue that has been raised by the

4

defendants, the plaintiffs' lawyers may need to withhold certain allegations on behalf of certain plaintiffs, so that they can avoid being disqualified. This is troubling. If an individual plaintiff has a legitimate civil rights claim with respect to an alleged denial of a promotional opportunity, should the plaintiff's lawyers really be causing the plaintiff to refrain from making that claim simply because the lawyers wish to avoid being disqualified so they can continue handling all cases brought by all plaintiffs?

Overall, it is unclear why the lawyers for these plaintiffs are engaging in such dilatory conduct. Once the cases were severed, the lawyers needed to sit down with their clients and figure out whether, and if so how, each one can state a claim for race discrimination on an individual basis. But it appears the lawyers for the plaintiffs have, since the severance, done everything possible to avoid that task. In any event, their conduct has put the Court in a difficult position. Should the Court dismiss with prejudice all claims by all plaintiffs that allege discrimination in connection with unposted positions, on the ground that the plaintiffs failed to amend their complaints in a timely manner? This would penalize these civil rights plaintiffs for the conduct of their lawyers. Should the Court retroactively grant the extension request, thereby giving the plaintiffs one more chance to pursue their claims? This seems unfair to the defendants, and allows the lawyers for the plaintiffs to get away with blowing an important deadline.

The parties should come to the case management conference prepared to discuss this issue. The parties should also be prepared to discuss whether Spencer Smith and Dow Patten should be sanctioned for their failure to timely file Sixth Amended Complaints on behalf of their clients.

**IT IS SO ORDERED.**

Dated: June 22, 2015

VINCE CHHABRIA
United States District Judge